**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SYDNEY SNELLING,** | : | **No. 3:26cv3163** |
| **Plaintiff** | : | **(Judge Munley)** |
| **v.** | : | |
| **DANIEL BLOCK, *et al.*,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiff Sydney Snelling ("Snelling"), an inmate housed at the State Correctional Institution, Dallas, Pennsylvania, commenced this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as defendants are Luzerne County Detectives Daniel Block and William Patton, and Inmate Accounts Keeper Amie Rosiak. (Doc. 1).

The complaint is presently before the court for preliminary screening. For the reasons set forth below, the court will dismiss the claims against defendants Block and Patton pursuant to 28 U.S.C. § 1915A(b)(1). The court will also issue an order to show cause as to why the claims against defendant Rosiak should not be dismissed for failure to exhaust administrative remedies prior to the initiation of suit.

## I. Allegations of the Complaint

Snelling first alleges that, on April 7, 2022 (prior to his arrest and incarceration), detectives Block and Patton searched his bedroom and ordered Snelling to open his safe. (Doc. 1 at 4). After Snelling opened the safe, he alleges that his passport was in plain view and detective Block confiscated his passport. (Id. at 4-8). Snelling seeks a court order directing detectives Block and Patton to return his passport. (Id. at 10).

Snelling next alleges that he filed a 1040 tax form with the Internal Revenue Service ("IRS") to apply for a tax rebate. (Id. at 15). He alleges that he was issued a refund from the IRS, and that he was in contact with Inmate Accounts Keeper Rosiak in June of 2026 about his forthcoming refund. (Id. at 12, 15). Snelling was allegedly advised that the prison never received his refund check. (Id.). Snelling seeks a court order directing the prison to credit his inmate account in the amount of the IRS refund. (Id. at 14).

## II. Legal Standard

The court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in

which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915A(b), 28 U.S.C. § 1915(e)(2), or 42 U.S.C. § 1997e(c) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Brodzki v. Tribune Co., 481 F. App'x 705, 706 (3d Cir. 2012) (*per curiam*); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010).

In deciding a Rule 12(b)(6) motion to dismiss, the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d

Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Second, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Finally, once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## III. Discussion

### A. Claims against Detectives Block and Patton

The court finds that Snelling's claims against Block and Patton are barred by the statute of limitations.

A district court can raise the issue of the statute of limitations *sua sponte* at the screening stage. See Hunterson v. Disabato, 244 F. App's 455, 457 (3d Cir. 2007) ("a district court may *sua sponte* dismiss a claim as time-barred under 28

U.S.C. § 1915A(b)(1) where it is apparent from the complaint that the applicable limitations period has run"). While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002), the Supreme Court observed in Jones v. Bock, 549 U.S. 199, 215 (2007), that if the allegations of a complaint, "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]" The same principle applies to screening complaints under the Prison Litigation Reform Act ("PLRA"). See Whitenight v. Commonwealth of Pennsylvania State Police, 674 F. App'x 142, 144 (3d Cir. 2017)

A claim brought pursuant to 42 U.S.C. § 1983 is subject to the same statute of limitations that applies to personal injury tort claims in the state in which such a claim arises. See Wallace v. Kato, 549 U.S. 384, 387 (2007); Kach v. Hose, 589 F.3d 626, 639 (3d Cir. 2009). Snelling's claims arose in Pennsylvania; thus, the applicable statute of limitations is Pennsylvania's two-year statute of limitations for personal injury actions. 42 PA. CONS. STAT. ANN. § 5524(2). The statute of limitations period accrues when the plaintiff knows or has reason to know of the injury which is the basis of the § 1983 action. See Garvin v. City of Phila., 354 F.3d 215 (3d Cir. 2003); Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991).

The only allegations against Block and Patton allegedly took place on April 7, 2022, more than two years prior to the September 13, 2026[1] filing of the instant action. "A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017).

Because the statute of limitations defense is apparent on the face of Snelling's complaint, the claims against Block and Patton are subject to dismissal as legally frivolous pursuant to the court's screening authority under 28 U.S.C. § § 1915A(b)(1). Moreover, the complaint fails to reveal any ground for equitable tolling of the statute of limitations.[2]

---

[1] Under the prisoner mailbox rule, the court deems the complaint filed on September 13, 2026, the date Snelling signed it. See Houston v. Lack, 487 U.S. 266 (1988) (holding that that date on which a prisoner delivers documents to prison authorities for mailing is considered the filing date); Pabon v. Mahanoy, 654 F.3d 385, 391 n.8 (3d Cir. 2011) ("[t]he federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing").

[2] Equitable tolling "is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" Omar v. Blackman, 590 F. App'x 162, 166 (3d Cir. 2014) (quoting Santos *ex rel.* Beato v. United States, 559 F.3d 189, 197 (3d Cir. 2009)).

B. Claims against Inmate Accounts Keeper Rosiak

The Prison Litigation Reform Act states that "[n]o action shall be brought with respect to prison conditions under section 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Stated differently, the exhaustion of available administrative remedies is a prerequisite for a prisoner asserting a claim under Section 1983 regarding their prison conditions. See Rinaldi v. United States, 904 F.3d 257, 265 (3d Cir. 2018); see also Ross v. Blake, 578 U.S. 632, 638 (2016) (reiterating that the PLRA's "language is 'mandatory': An inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies" (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006))); Jones, 549 U.S. at 211 (stating that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court" (citation omitted)); Booth v. Churner, 532 U.S. 731, 733-34 (2001) (stating that the PLRA "now requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions" (quoting 42 U.S.C. § 1997e(a))).

"The PLRA requires proper exhaustion, meaning 'complet[ing] the administrative review process in accordance with the applicable procedural rules.'" Downey v. Pa. Dep't of Corr., 968 F.3d 299, 305 (3d Cir. 2020)

(alteration in original) (quoting Woodford, 548 U.S. at 88). "These procedural rules are supplied by the individual prisons." Downey, 968 F.3d at 305 (citations omitted); see also Spruill v. Gillis, 372 F.3d 218, 222 (3d Cir. 2004) (stating that "the determination [of] whether a prisoner has 'properly' exhausted a claim…is made by evaluating the prisoner's compliance with the prison's administrative regulations governing inmate grievances"); Jones, 549 U.S. at 218 (explaining that "[t]he level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim"); Woodford, 548 U.S. at 90 (indicating that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules"). A prisoner's failure to follow a prison's procedural rules will result in a procedural default of their claims. See Spruill, 372 F.3d at 230-32 (concluding that PLRA's exhaustion requirement includes procedural default component); see also Drippe v. Tobelinski, 604 F.3d 778, 781 (3d Cir. 2010) (pointing out that Spruill held "that the PLRA includes a procedural default component and the determination whether a prisoner properly exhausted a claim is made by evaluating compliance with the prison's specific grievance procedures"). A procedural default may be excused, however, if the prisoner can show that the administrative remedies were unavailable to them. See Rinaldi, 904 F.3d at 266 ("The PLRA requires only 'proper exhaustion,' meaning exhaustion of those administrative remedies that are 'available.'"

(quoting Woodford, 548 U.S. at 93)). "Available means capable of use; at hand." Small v. Camden Cnty., 728 F.3d 265, 271 (3d Cir. 2013) (internal citations and quotation marks omitted). "An administrative remedy is unavailable when it 'operates as a simple dead end[,]...is so opaque that it becomes, practically speaking, incapable of use, or when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" Downey, 968 F.3d at 305 (alterations in original) (quoting Shifflett v. Korszniak, 934 F.3d 356, 365 (3d Cir. 2019)). "Although the availability of administrative remedies to a prisoner is a question of law, it necessarily involves a factual inquiry." Small, 728 F.3d at 271.

This court can *sua sponte* dismiss a complaint if a Section 1983 plaintiff concedes they failed to exhaust in their complaint. Ray, 285 F.3d at 293 n.5 (explaining that Booth v. Churner, 206 F.3d 289 (3d Cir. 2000) and Nyhuis v. Reno, 204 F.3d 65, 69 (3d Cir. 2000) both involved plaintiffs who "explicitly conceded their failure to exhaust administrative remedies," and the dismissals of the complaints in both cases "would...fall within a district court's inherent power to dismiss *sua sponte* a complaint which facially violates a bar to suit"); see also Talley v. Clark, 111 F.4th 255, 264 (3d Cir. 2024) ("[W]here a prisoner's failure to exhaust under the PLRA is 'apparent from the face of the complaint,' a district court may dismiss it on that basis." (quoting Ray, 285 F.3d at 297).

Snelling's complaint, on its face, appears to show that he failed to exhaust his administrative remedies against defendant Rosiak before filing this lawsuit. (See Doc. 1). The court will issue an order directing Snelling to show cause why his claims against defendant Rosiak should not be dismissed for failure to exhaust administrative remedies.

## IV. Leave To Amend

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008). For the reasons set forth above, the court concludes that granting Snelling leave to amend his claims against Block and Patton would be a futile endeavor.

## V. Conclusion

Consistent with the foregoing, the court will dismiss the claims against Block and Patton under 28 U.S.C. § 1915A(b)(1). In addition, the court will issue

an order directing Snelling to show cause why the claims against defendant Rosiak should not be dismissed for failure to exhaust administrative remedies

An appropriate order shall issue.

**JUDGE JULIA K. MUNLEY**
**United States District Court**

**Date: October 26, 2026**